IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA
*ex rel.* LIVIU POTRA and
THOMAS HILTON,

        Plaintiffs,

v.

JACOBSON COMPANIES, INC., et al.,

        Defendants.

1:12-cv-01600-WSD

## OPINION AND ORDER

This matter is before the Court on the Defendants' Motion to Dismiss the Amended Complaint for failure to state a claim under Rule 12(b)(6), and the Relators' Motion to Consolidate this case with the direct action pending in Potra v. Jacobson Companies, Inc., No. 1:13-cv-00387-WSD.

**I.    BACKGROUND**

    A.    Factual and Procedural History

On November 21, 2012, the Relators filed a four (4) count *qui tam* Amended Complaint against the Defendants pursuant to the False Claims Act ("FCA"), 31 U.S.C. §§ 3729 et seq. Defendants own and operate a specialty chemical blending facility in Ellenwood, Georgia ("facility") where they blend, transport, store, and

dispose of pesticides, herbicides, and other chemical products.  Relators are employees of the Defendants, and they allege that Defendants violated federal and state environmental statutes and regulations by transporting, storing, and disposing of hazardous waste at the facility.  Relators claim that the Defendants failed to comply with the reporting and permitting requirements required by federal and state environmental laws and regulations.

In their Amended Complaint, the Relators argued that the Defendants' failure to comply with the reporting and permitting requirements subjects the Defendants to FCA liability because the Government may have imposed civil fines, penalties and other costs associated with the alleged violations if the Government knew about the alleged violations.  In other words, Relators argue that the Defendants' failure to pay potential fines to the Government constitute "reverse false claims" because they allege that the Defendants "knowingly ma[de], us[ed] or caus[ed] to be mad[e] or use[d], a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property" to the Government.  31 U.S.C. § 3729(a).[1]

---

[1] "In a reverse False Claims Act suit, there is no improper payment by the government to a defendant, but rather there is an improper reduction in the defendant's liability to the government." Marcy v. Rowan Companies, Inc., 520 F.3d 384, 390 (5th Cir. 2008).

2

The Relators further allege that the Defendants violated 31 U.S.C. § 3729(a)(1)(A) or § 3729(a)(1)(B) because they relabeled expired antibiotics and sold them to the Government.  In counts three (3) and four (4) of the Amended Complaint, the Relators also allege that the Defendants "entered into a conspiracy or conspiracies among themselves and with others to defraud the Government" in violation of 31 U.S.C. § 3729(a)(1)(C).

On January 7, 2013, the United States declined to intervene in this matter.  On April 26, 2013, the Defendants moved to dismiss the Relators' Amended Complaint on the grounds that the Amended Complaint failed to state a claim upon which relief can be granted, and also failed to state that the Defendants submitted false claims to the Government with the particularity required under Rule 9(b) of the Federal Rules of Civil Procedure.  On May 10, 2013, the Relators filed their Opposition to the Defendants' Motion to Dismiss the Amended Complaint.  On May 28, 2013, the Defendants replied to the Relators' Opposition to their Motion to Dismiss the Amended Complaint.

**II.   DISCUSSION**

   A.   <u>Legal Standard</u>

The law governing motions to dismiss pursuant to Rule 12(b)(6) is well-settled.  Dismissal of a complaint is appropriate "when, on the basis of a

dispositive issue of law, no construction of the factual allegations will support the cause of action."  Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

In considering a motion to dismiss, the Court accepts the plaintiff's allegations as true and considers the allegations in the complaint in the light most favorable to the plaintiff.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007); see also Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) ("At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff.").  The Court, however, is not required to accept a plaintiff's legal conclusions.  See Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)), abrogated on other grounds by Mohamad v. Palestinian Auth., 132 S. Ct. 1702 (2012).  Nor will the Court "accept as true a legal conclusion couched as a factual allegation."  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Ultimately, the complaint is required to contain "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.[2]

---

[2] The Supreme Court explicitly rejected its earlier formulation for the Rule

To state a claim for relief that is plausible, the plaintiff must plead factual content that "allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Plausibility" requires more than a "sheer possibility that a defendant has acted unlawfully," and a complaint that alleges facts that are "merely consistent with" liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (citing Twombly, 550 U.S. at 557). "To survive a motion to dismiss, [relators] must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1263 (11th Cir. 2004) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.") (citations omitted).[3]

---

12(b)(6) pleading standard: "'[T]he accepted rule [is] that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 550 U.S. at 577 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Court decided that "this famous observation has earned its retirement." Id. at 563.

[3] Federal Rule of Civil Procedure 8(a)(2) requires the plaintiff to state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In Twombly, the Supreme Court recognized the liberal minimal standards imposed by Federal Rule 8(a)(2) but also acknowledged that "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

B.  <u>Analysis</u>

  1.  *False Claims*

While the Eleventh Circuit has not addressed the issue, a majority of federal courts have held that potential fines or contingent liabilities owed to the Government do not constitute as "reverse false claims" under the FCA.  See <u>Marcy</u>, 520 F.3d at 392 (affirming the dismissal of the relator's complaint because the "allegation that Defendant submitted the false certification to avoid potential environmental liability is legally insufficient to make a reverse false claim under Section 3729(a)(7)" of the FCA); <u>American Textile Mfrs. Inst., Inc. v. The Limited, Inc.</u>, 190 F.3d 729, 735 (6th Cir. 1999) (holding that a plaintiff cannot recover under the FCA if the defendant's alleged obligation to the government is merely a potential liability); <u>United States v. Q Int'l Courier, Inc.</u>, 131 F.3d 770, 774 (8th Cir. 1997) (holding that potential penalties are inadequate to state a claim under the FCA because the FCA requires a "fixed sum that is immediately due" to the Government).

In their Opposition to the Defendants' Motion to Dismiss, the Relators recognize the futility of their Amended Complaint, and they do not dispute that potential fines, which may be imposed by the Government as a result of the Defendants' alleged failure to comply with the reporting and permitting

requirements are not "reverse false claims" under the FCA.  Relators, however, contend that the Defendants "submitted false and fraudulent information to the Government in order to avoid paying for proper permits, certifications and other registration costs . . . *and each of these obligations is in addition to the fines and penalties to which Defendants are subject based on their illegal and dangerous conduct.*"  Pls.' Opp'n to the Defs.' Mot. to Dismiss the First Amended Compl. at 14-15 (emphasis added).  This contention was not raised in the Amended Complaint, and these arguments are not properly before the Court and the Court will not consider them.  See Huls v. Liabona, 437 F. App'x 830, 832 n.4 (11th Cir. 2011) (per curium) (argument not properly raised where plaintiff asserted it for the first time in response to defendant's motion to dismiss, instead of seeking leave to file an amended complaint); Jiles v. PNC Bank Nat. Ass'n, No. 5:10-cv-180-CAR, 2012 WL 3241927, at *5 (M.D. Ga. Aug. 7, 2012) (court not required to consider new allegation raised for the first time in response to defendant's motion to dismiss and not raised in complaint or amended complaint); cf. Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004) ("plaintiff may not amend her complaint through argument in a brief opposing summary judgment.").

 Although courts have construed additional allegations in a *pro se* plaintiff's response as a motion to amend the complaint, Relators are represented by counsel

7

with the expectation of competent representation.  Compare Newsome v. Chatham Cnty. Detention Center, 256 F. App'x 342, 344 (11th Cir. 2007) (per curium) ("Because courts must construe *pro se* pleadings liberally, the district court should have considered [plaintiff's] additional allegations in the objection as a motion to amend his complaint and granted it.") with Rule v. Chase Home Fin. LLC, No. 3:11-cv-146-CAR, 2012 WL 1833394, at *4 (M.D. Ga. May 18, 2012) ("Plaintiff is not proceeding *pro se,* and therefore this Court is under no obligation to construe these additional allegations as a motion to amend the Complaint.").

Even if the Court accepts the Relators' revisionist history of what is alleged in their own Amended Complaint and considers the claim raised for the first time in their Opposition to the Motion to Dismiss, the Amended Complaint is required to be dismissed for failure to state a claim under the FCA.  "There is widespread agreement that the making or using of the false record or statement is not sufficient in itself to create an obligation."  Bahrani v. Conagra, 465 F.3d 1189, 1195 (10th Cir. 2006) (citations omitted).  To constitute an "obligation," the "obligation must arise from some independent legal duty."  Id.  To recover under the FCA, the Amended Complaint was required to allege, with specificity and particularity, that the Government was owed "specific, legal obligation[s] at the time that the alleged false record or statement was made, used or caused to be made or used."

Q Int'l Courier, Inc., 131 F.3d at 773. The Amended Complaint does not specify the amount of the costs or fees that the Government was owed or otherwise explain the nature of any existing debt owed to the Government, and it does not identify the source of any statutory or regulatory scheme that required the Defendants to pay such costs and fees to the Government *before* the alleged false records were submitted. In other words, the Relators' conclusory assertions that were raised for the first time in their Opposition to the Defendants' Motion to Dismiss are insufficient to demonstrate that an obligation arose from "some independent legal duty" owed to the Government. For these reasons, the Amended Complaint also fails to meet the requirements of Rule 9(b) of the Federal Rules of Civil Procedure.[4]

The Defendants also moved to dismiss the Relators' claim that they violated 31 U.S.C. § 3729(a) by relabeling expired antibiotics and selling them to the

---

[4] Relators' reliance on Hill v. Morehouse Med. Ass'n, Inc., No. 02-14429, 2003 WL 22019936, at *4 (11th Cir. Aug. 15, 2003) is misplaced. The requirements of Rule 9(b) are relaxed when the relator professes to have firsthand knowledge of the Defendants' submission of false claims. In Hill, the relator worked in the department where the alleged fraudulent billing schemes occurred. Id. Here, the Relators do not allege that they had firsthand knowledge of how the Defendants allegedly avoided the reporting and permitting requirements, and avoided the alleged potential fines and penalties owed to the Government. Nor does the Amended Complaint contain specific factual allegations regarding the alleged false claims to demonstrate the inherent reliability required to relax the requirements of Rule 9(b).

Government. Defendants argued that the Amended Complaint failed to identify any false claim that was actually submitted to the Government, and that the antibiotics were relabeled with the Government's knowledge and permission. Relators failed to respond to the Defendants' arguments in their Opposition to the Motion to Dismiss. Relators' failure to respond to the Motion to Dismiss on this claim constitutes as abandonment and requires the claim to be dismissed. See Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995); Brown v. J.P. Turner & Co., No. 1:09-cv-2649-JEC, 2011 WL 1882522, at *5 (N.D. Ga. May 17, 2011).

### 2. *Conspiracy*

Because the Relators have failed to state an FCA claim, their claim that the Defendants allegedly conspired to violate the FCA necessarily fails. See Vigil v. Nelnet, Inc., 639 F.3d 791, 801 (8th Cir. 2011) (declining to address all of the parties' arguments regarding the conspiracy count because a failure to state an FCA claim necessarily results in the failure to state a conspiracy claim under § 3729(a)(3)); Phillips v. L-3 Commc'ns Integrated Sys. L.P., No. 3:10-cv-1784-L, 2012 WL 3649699, at *8 (N.D. Tex. Aug. 24, 2012) (dismissing the relators' conspiracy count "because [when] there is no actionable FCA claim against [the Defendant], [relators'] civil conspiracy claim fails.").

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that the Defendants' Motion to Dismiss is **GRANTED** [14].

**IT IS FURTHER ORDERED** that the Relators' Complaint is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Relators' Motion to Consolidate this case with the direct action pending in Potra v. Jacobson Companies, Inc., No. 1:13-cv-00387-WSD is **DENIED** [16].

**SO ORDERED** this 27th day of March, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE